# United States Bankruptcy Court
## Eastern District of Pennsylvania

In re  **Theresa A Holland**                                                                 Case No.  **11-16226 JKF**
                              Debtor(s)                                                      Chapter  **13**

## 1ST AMENDED CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$310.00** per month for **52** months.

   Total of plan payments: **$16,120.00**

2. <u>Plan Length</u>: This plan is estimated to be for **52** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Upon confirmation of the Plan, the Trustee shall pay the allowed claims for attorneys' fees and costs and the Trustee's claim for fees and such claims shall be paid before all other claims except for priority claims for domestic support obligations and the Trustee's claim for fees arising from distributions on such obligations. Upon completion of paying the allowed legal fees and costs and the Trustee's fees, the Trustee shall begin making payments to secured creditors, if any, whose claims do not extend beyond the length of the Plan, in equal disbursements. If there are no secured creditors whose claims do not extend beyond the length of the Plan, then the Trustee shall pay any pre-petition arrears owed to any other secured creditors before disbursing to unsecured creditors.

   b. Secured creditors whose claims do not extend beyond the term of the Plan shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Provided that this case is not dismissed or converted without the completion of this Plan, upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall have the affirmative obligation, without need for further court order, to terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, which shall include the obligation to file any and all documents that are necessary to evidence such termination. The Bankruptcy Court shall retain jurisdiction after the Debtor has been discharged and this case has been closed to order termination of such mortgage, lien or security interest and to enforce the provisions of this paragraph 3.b.

   c. Secured creditors whose claims extend beyond the term of the Plan shall retain their mortgage, lien or security interest in collateral until the payment of the underlying debt.

   d. Confirmation of the Plan shall constitute a judicial finding that the amount of an allowed claim for pre-petition arrears does not exceed the amount reflected on the claims docket or the amount determined by the Court. Upon completion of the payment of an allowed claim for pre-petition arrears, the underlying pre-petition default will be cured and the holder of such claim shall reinstate the Debtor's account to the payment schedule for the underlying secured claim as if no default had ever occurred, except for the amount of any monthly installments falling due after the commencement of this case that have not been paid. Confirmation of this Plan shall impose an affirmative duty to comply with this paragraph 3.d, which the Debtor may enforce by, among other things, instituting an appropriate enforcement proceeding in the Bankruptcy Court either before or after the entry of a discharge order or the closing of this case.

   e. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and whose claims are separately classified, shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   f. Except as provided in paragraph 4, all priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the Plan, the Trustee shall make disbursements as follows:

   a. Administrative Expenses. Pursuant to 11 U.S.C. §§ 1326(b)(1) and (2), allowed claims for attorneys' fees and costs and the Trustee's claim for fees shall be paid before all other claims except for priority claims for domestic support obligations and the Trustee's claim for fees arising from distributions on such obligations.

   (1) Trustee's Fee: 10.00%

    (2) Attorneys' Fee (unpaid portion):  $1,875.00 to be paid through plan plus any additional amounts approved for payment through the Plan by the Court.  Counsel for the Debtor may submit more than one fee application.  Additional attorneys' fees and costs approved by the Court and remaining unpaid upon the completion of this case shall not be discharged and shall be paid directly by the Debtor before or after the entry of a discharge order.
    (3) Attorneys' Costs: $72.00

    b.    Unsecured Nonpriority Claims.  Allowed unsecured claims for which a proof of claim is timely filed shall be paid PRO RATA).  No payment shall be made on account of unsecured claims for which no proof of claim is timely filed.

c.    Secured Claims

    Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim |
|---|---|
| **Ford Motor Credit Corporation** | 11,998.14 |

5.    The Debtor reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, recoupments or defenses the Debtor may have with respect to any such claim.  Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the Debtor reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related to the said claim or claims.  The Debtor also reserves to the estate or the Debtor all claims or causes of action he or it may have, could have or might have based on any claim filed with the Trustee in this case by any original creditor, assignee, purchaser, agent or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver or release of any such claims or causes of action.

6.    Secured creditors and lessors may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

7.    Secured creditors shall:

a.    Apply any payments received from the Trustee under the plan only to the pre-petition arrears provided for in the confirmed plan;

b.    Refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan;

**c.**    Refrain from the imposition of monthly inspections fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing.

8.    Title to the Debtor's property shall revest in debtor once the Debtor receives a Chapter 13 discharge.

Date  March 26, 2012        Signature  **/s/ Michael J. Halprin**
                                                           Michael J. Halprin
                                                           Counsel for Debtor